# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMS YACHT MAINTENANCE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ONE NAUTIQUE 210 PLEASURE VESSEL, *in rem*; and SEAN OVERSMITH, *in personam*,<br><br>　　　　　　　　　　　Defendants. | CASE NO.  12-CV-2038-IEG (NLS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO VACATE**<br><br>[Doc. No. 17] |

Before the Court is Defendants' motion to vacate the Court's August 22, 2012 order issuing a warrant of arrest *in rem*. [Doc. No. 17.] For the reasons below, Defendants' motion is **DENIED**.

## BACKGROUND

In January 2012, Plaintiff and Defendant *in personam* Sean Oversmith entered into an agreement for the repair of Defendant *in rem* One Nautique 210 Super Pleasure Vessel, CA. Reg. No. CF 6000 PZ, Hull No. CTC37477C303 (the "Vessel"). [*See* Doc. Nos. 1 at 2 (complaint); 17-2 at 2-3 (Oversmith Declaration in Support of Motion to Vacate).]  A dispute over payment arose, and, on August 17, 2012, Plaintiff filed a complaint seeking to foreclose an alleged maritime lien for the provision of necessaries to the Vessel. [*See* Doc. Nos. 1 at 2-3;17-2 at 3-6.]  On August 21, 2012, Plaintiff filed an *ex parte* motion for a warrant to arrest the Vessel, which the Court granted on August 22, 2012. [*See* Doc. Nos. 3, 6.]  The United States Marshal Service effected arrest on August 24, 2012. [Doc. No. 8.]  On October 10, 2012, Defendants filed the present motion to vacate the issued arrest warrant. [Doc. No. 17.]  Plaintiff filed an opposition, [Doc. No. 21], and

Defendant filed a reply, [Doc. No. 25].

## DISCUSSION

Motions to vacate pursuant to Rule E(4)(f) afford an opportunity to challenge a vessel's arrest and burden Plaintiff "to show why the arrest [] should not be vacated." Fed. R. Civ. P., Supp. R. E(4)(f). The purpose of such motions "is not 'to resolve definitively the dispute between the parties, but to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant.'" *Sea Prestigio, LLC v. M/Y Triton*, 2010 WL 5376255, at *1 (S.D. Cal. Dec. 22, 2010) (quoting *Lion de Mer v. M/V Loretta*, 1998 WL 307077 (D. Md. Apr. 3, 1998)). Thus, Plaintiff "isn't required to prove its case just to defeat the motion to vacate." *Equatorial Marine Fuel Management Services Pte Ltd. v. MISC Berhad*, 591 F.3d 1208, 1211 (9th Cir. 2010). Rather, to defeat such a motion, "plaintiff merely needs to show probable cause for the issuance of the warrant," which "translates roughly to requiring plaintiff to show entitlement to a maritime lien." *Sea Prestigio*, 2010 WL 5376255, at *1. Plaintiff may show entitlement to a maritime lien by "demonstrat[ing] that he (1) provided necessaries (2) to a vessel (3) on the order of the owner." *Venture Packers, Inc. v. F/V JEANINE KATHLEEN*, 305 F.3d 913, 917 (9th Cir. 2002); *see also Trans-Tec Asia v.M/V HARMONY CONTAINER*, 518 F.3d 1120, 1127 (9th Cir. 2008) ("a person providing necessaries to a vessel on the order of the owner . . . has a maritime lien on the vessel.").

Here, Defendants do not dispute that Plaintiff provided necessaries to the Vessel on order of the Vessel's owner. [*See, e.g.*, Doc. Nos. 17-1 at 2 (Defendant's Memorandum) ("Oversmith authorized the repairs . . ."); 17-2 at 2-3 (Oversmith Declaration) (same).] Instead, Defendants asserts an array of factual arguments as to the extent of necessaries agreed to, the terms of the purported contract, and whether Plaintiff overcharged for the necessaries in fact provided. [*See, e.g.*, Doc. No. 17-1 at 9-12 (contesting, *inter alia*, the necessity of storage charges and market value of the repairs provided).] While such arguments may be probative of the value of the repairs provided or even the scope and amount of the purported lien itself, they do not undermine the lien's existence or Plaintiff's entitlement thereto. *See Sea Prestigio*, 2010 WL 5376255, at *1; *see also Puerto Rico Ports Authority v. BARGE KATY-B*, 427 F.3d 93, 103 (1st Cir. 2005) ("A person who supplies 'necessaries' to a vessel automatically obtains a maritime lien against the vessel for the value of the goods or services supplied."). On the present motion, Plaintiff need

only show entitlement to a maritime lien on the Vessel and need not resolve disputed facts as to its scope. *Del Mar Seafoods Inc. v. Cohen*, 2007 WL 2385114, at *3 (N.D. Cal. Aug. 17, 2007) ("The purpose of [] Rule E(4)(f) . . . is not to resolve [] factual disputes, but rather to assess whether plaintiff's showing [of entitlement to a maritime lien] rises to the level of probable cause."). Notwithstanding the ancillary factual disputes raised by Defendants, it remains undisputed that Plaintiff indeed supplied necessaries to the Vessel on order of Defendant Oversmith, the Vessel's owner. *See supra*. These undisputed facts suffice to support probable cause for entitled to the alleged maritime lien and thus for the arrest warrant's issuance. *See Trans-Tec Asia*, 518 F.3d at 1127. Accordingly, Defendants' motion to vacate is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   December 27, 2012

**IRMA E. GONZALEZ**
**United States District Judge**